**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001883
07-APR-2017
08:29 AM**

NO. CAAP-13-0001883

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ANNE CAPRIO SHOVIC, Plaintiff-Appellee,
v.
WAYNE ARTHUR WHISTLER, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 07-1-0100)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

This appeal arises out of a post-divorce-decree proceeding in which Defendant-Appellant Wayne Arthur Whistler, pro se, appeals from the June 3, 2013 "Order Denying Defendant's Motion for Postponement of the Court's Ruling on Attorney Fees for the Plaintiff in the Court Hearing of April 24, 2013" ("Order Denying Motion for Postponement"), and the June 3, 2013 "Order Awarding Attorney's Fees and Costs; Judgment" ("Order Awarding Attorneys Fees and Costs") (collectively, the "June 3, 2013 Orders") entered by the Family Court of the First Circuit ("Family Court")[1] in favor of Plaintiff-Appellee Anne Caprio Shovic.

On appeal, Whistler alleges that the Family Court abused its discretion when it awarded attorneys' fees and costs

---

[1]    The Honorable Catherine H. Remigio presided.

to Shovic.[2/]  Upon careful review of the record and Whistler's brief, and having given due consideration to the arguments advanced and the issues raised, we resolve Whistler's points of error as follows and affirm.

We review the Family Court's award for abuse of discretion. *Kamaka v. Goodsill Anderson Quinn & Stifel*, 117 Hawai'i 92, 105, 176 P.3d 91, 104 (2008) (quoting *Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel*, 113 Hawai'i 251, 266, 151 P.3d 732, 747 (2007)).  We are bound by the Family Court's uncontested findings of fact, and any conclusions of law which follow from them and are correct statements of law are valid. *Kawamata Farms, Inc. v. United Agri Prods.*, 86 Hawai'i 214, 252, 948 P.2d 1055, 1093 (1997) (citing *Wisdom v. Pflueger*, 4 Haw. App. 455, 459, 667 P.2d 844, 848 (1983)).

Whistler asserts that the Family Court abused its discretion because: 1) Shovic should have waited for the Family Court to issue its December 4, 2013 Order before she filed her

---

[2/]    Whistler's original points of error state as follows:

(1)    "Ms. Shovic should have waited for the Family Court's appeal ruling of 4 December 2013 before she filed her motion.  If she had waited, the Family Court's decision would have negated her reason for filing. The legal fees incurred by her were a result of the OCSH's erroneous ruling that Mr. Whistler should continue to pay the now invalidated $777 a month."

(2)    "Judge Remigio should have waited to rule on Ms. Shovic's motion until the critical evidence, the appeal to the Family Court, became available.  To not wait is like a judge ruling against a defendant after the prosecution has presented its case but before the defense has had a chance to do so.  Mr. Whistler was vindicated by the Family Court's 4 December 2013 ruling.  If the OCSH had done its job correctly, Mr. Whistler would have been able to catch up and keep up with child support payments."

(3)    "A judge should not make a Defendant pay for a Plaintiff's lawyer when the Defendant is unable to pay a lawyer for himself.  It is common knowledge that being unable to afford an attorney puts a Pro Se Defendant at a great, although not always insurmountable, disadvantage when up against a Plaintiff with experienced representation.  Ms Shovic, with over a half million dollars in her bank account, chose to pay the expensive legal fees in order to ensure her win in the child support hearings.  Mr. Whistler, whose liquid assets are nearly zero, was unable to do so because he could not afford an attorney."

motion;[3] 2) it should not have ruled on Shovic's February 14, 2013 Amended Motion for Judgment and Order for Execution of Real and Personal Property with Memorandum ("Amended Motion") until after the issuance of the December 4, 2013 Order; and 3) it should not make Whistler pay for Shovic's attorney when he was unable to pay for an attorney to represent himself. We conclude that Whistler has failed to establish that the Family Court abused its discretion.[4]

The Family Court has discretion to award attorneys' fees and costs to the prevailing party. "Whenever a party files a motion seeking to enforce a child support order, the court may award the prevailing party the party's costs and reasonable attorneys' fees incurred, except as this chapter otherwise provides. The award shall be made only when the prevailing party was represented by an attorney." Haw. Rev. Stat. § 571-52.7 (2006).

Here, Shovic filed her Amended Motion, seeking to enforce the OCSH's then-current child support order. Shovic was represented by an attorney. Prior to the April 24, 2013 hearing, but after Shovic filed her Amended Motion, Whistler paid the child support arrearages in full. The Family Court held the hearing to address the issue of Shovic's request for attorneys' fees and costs, and ordered that judgment be entered against Whistler, and that Shovic be awarded attorneys' fees and costs. Based on the record presented, we are unable to determine that

---

[3]    On September 14, 2011, Whistler requested that the Hawai'i Child Support Enforcement Agency modify his child support obligation which the Family Court had set in its order dated November 3, 2010 at $777 per month. Following a hearing on March 23, 2012, the Office of Child Support Hearings ("OCSH") issued its Administrative Findings and Order ("OCSH Order") that declined to modify the child support obligation. Whistler appealed the OCSH Order to the Family Court and it appears, from Exhibit E attached to Whistler's opening brief, that the Family Court (Hon. R. Mark Browning, presiding) issued its ruling on December 4, 2013, vacating in part the OCSH Order.

[4]    Whistler did not provide transcripts of the April 24, 2013 hearing as required by Hawai'i Rules of Appellate Procedure Rule. Haw. R. App. P. 10(b). "The burden is upon appellant in an appeal to show error by reference to matters in the record and he or she has the responsibility of providing an adequate transcript." *Bettencourt v. Bettencourt*, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (brackets and internal quotation marks omitted). Nevertheless, we address the merits of the claims to the extent possible. *See Thomas-Yukimura v. Yukimura*, 130 Hawai'i 1, 10 n.19, 304 P.3d 1182, 1191 n.19 (2013).

the Family Court abused its discretion when it awarded attorneys' fees and costs to Shovic.

Whistler argues that "Ms. Shovic should have waited for the Family Court's appeal ruling of 4 December 2013 before she filed her motion." He asserts that "[i]f she had waited, the Family Court's decision would have negated her reason for filing. The legal fees incurred by her were a result of the OCSH's erroneous ruling that Mr. Whistler should continue to pay the now invalidated $777 a month."

While Whistler's argument appears to be supported, at least in part, by what Whistler claims to be a Family Court order dated December 4, 2013, vacating in part the OCSH Order, that evidence is neither properly before us on appeal nor is it complete.[5/] In any event, Hawai'i law provides that administrative orders remain in effect until they are superseded by a subsequent court or administrative order. Haw. Rev. Stat. § 576E-12 (2006). Furthermore, proceedings for review do not stay enforcement of an agency decision or the confirmation of any fine as a judgment. Haw. Rev. Stat. § 91-14(c) (2012). Therefore, at the time that Shovic filed her motion, she was entitled to child support arrearages, and the Family Court did not err in failing to await resolution of Whistler's challenge to the OCHS's Order before issuing the June 3, 2013 Orders.

Here, Whistler failed to pay child support as required by the order then in effect. Had Whistler paid child support until such time that the order was modified, Shovic would not have had cause to file her motion to enforce. The remainder of Whistler's arguments are without merit. Thus, the Family Court did not abuse its discretion when it awarded attorneys' fees and costs to Shovic.

---

[5/] Whistler attached two pages of what he contends is a part of an order addressing Whistler's appeal of the OCSH Order as Exhibit E to his opening brief. The order itself, however, is not found in the record on appeal and thus is not available to us. "Anything that is not part of the record shall not be appended to the brief, except as provided in this Rule." Haw. R. App. P. 28(b)(10). This court disregards appendices that are not part of the record, unless otherwise specified by HRAP. *See Au Hoy v. Au Hoy*, No. 30486, 2013 WL 2650568, at *1 n.2 (Hawai'i App. June 12, 2013) ("Insofar as any appendices are not part of the record, they are disregarded.").

4

Therefore, the Order Denying Motion for Postponement and the Order Awarding Attorneys Fees and Costs, both entered by the Family Court of the First Circuit on June 3, 2013, are affirmed.

DATED: Honolulu, Hawai'i, April 7, 2017.

On the briefs:

Wayne Arthur Whistler,
Pro Se Defendant-Appellant.

Chief Judge

Associate Judge

Associate Judge